# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Appellee,<br><br>v.<br><br>JUSTIN TREANTON,<br>    Defendant/Appellant. | APPEAL IN A CRIMINAL CASE<br><br>22-1476 |

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

### HON. (NOW CHIEF) JUDGE STEPHANIE ROSE

## ADDENDUM OF APPELLANT

JACK E. DUSTHIMER
Attorney at Law
1503 Brady Street
Davenport, Iowa 52803
(563) 323-8344
(563) 323-7452 facsimile

# TABLE OF CONTENTS

TABLE OF CONTENTS

ADDENDUM

Judgment in a Criminal Case — Add. 1

Suppression Ruling — Add. 9

Magistrate Judge's Report and Recommendation — Add. 16

Order on Report and Recommendation — Add. 17

CERTIFICATE OF FILING AND SERVICE — Add. 19

i

Appellate Case: 22-1476    Page: 2    Date Filed: 05/16/2022 Entry ID: 5157750

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) ) | |
| Justin Treanton | ) ) | Case Number:  3:20-CR-00093-001 |
| | ) ) | USM Number: 08493-509 |
| | ) | Jack E. Dusthimer |
| | | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One and Four of the Indictment filed on September 9, 2020.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a), 2251(e) | Production of Child Pornography | 11/7/2019 | One |
| 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2) | Possession of Child Pornography | 1/30/2020 | Four |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages  2  through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    Two and Three         ☐ is  ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 28, 2022
Date of Imposition of Judgment

Signature of Judge

Stephanie M. Rose, Chief U.S. District Judge
Name of Judge                    Title of Judge

February 28, 2022
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
v1                     Sheet 2 — Imprisonment

DEFENDANT: Justin Treanton                          Judgment Page: 2 of 8
CASE NUMBER: 3:20-CR-00093-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

600 months, consisting of 360 months as to Count One and 240 months as to Count Four of the Indictment filed on September 9, 2020, to be served consecutively.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed at FCI Milan if commensurate with his security and classification needs.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before      on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Add. 2

DEFENDANT: Justin Treanton                                              Judgment Page: 3 of 8
CASE NUMBER: 3:20-CR-00093-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Life as to each of Counts One and Four of the Indictment filed on September 9, 2020, to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you
       pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*)
    as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   Justin Treanton                              Judgment Page: 4 of 8
CASE NUMBER:   3:20-CR-00093-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: Justin Treanton
CASE NUMBER: 3:20-CR-00093-001

## SPECIAL CONDITIONS OF SUPERVISION

You must participate and follow the rules of a sex offense-specific treatment program, as directed by the U.S. Probation Officer. Participation may include inpatient/outpatient treatment and/or compliance with a medication regimen. You must contribute to the costs of services rendered (co- payment) based on ability to pay or availability of third-party payment. Sex offense-specific treatment shall be conducted by therapists approved by the U.S. Probation Office, who shall release all reports to the U.S. Probation Office.

You must submit to periodic polygraph testing, as directed by the U.S. Probation Office, to ensure that you are in compliance with the requirements of your supervision or treatment program. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment. Polygraph testing will be conducted by polygraph examiners approved by the U.S. Probation Office, who will release all reports to the U.S. Probation Office. The results of polygraph examinations will not be used for the purpose of revocation of supervised release or probation. As used in this paragraph, "the results" that will not be used in a revocation hearing are the polygraph examiner's ultimate opinions or findings regarding whether deception or a significant response has been detected during the examination. Any statements made by you during the polygraph examination during pre- examination or post-examination interview(s) may be used in any manner, including to generate separate leads or investigations, at a revocation hearing. Failure to answer questions during the polygraph examination may be grounds for revocation, unless you choose not to answer any questions perceived or deemed incriminating, which may then be referred to the Court for resolution.

You must refrain from associating with anyone engaged in the exploitation of minors whether known or unknown to local, state, or federal law enforcement.

You must not go to, or remain at, any place for the primary purpose of observing children under the age of 18, or any place where you know children under the age of 18 are likely to be, including parks, schools, and playgrounds, without the prior approval of the U.S. Probation Officer.

You must not have any direct contact (personal, electronic, mail, or otherwise) with any child you know or reasonably should know to be under the age of 18, including in employment, without the prior approval of the U.S. Probation Officer. If contact is approved, you must comply with any conditions or limitations on this contact, as set forth by the U.S. Probation Officer. Any unapproved direct contact must be reported to the U.S. Probation Officer within 24 hours. Direct contact does not include incidental contact during ordinary daily activities in public places.

You must not contact the victims,(including minor victim #2, as described in the government's "Brief in Support of Statement at Sentencing," filed on February 28, 2022 at ECF [72]), nor the victims' families without prior permission from the U.S. Probation Officer.

You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, artwork, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256). You must not correspond with anyone in the business of providing such material, or enter adult entertainment venues where sexually explicit conduct is the primary product(s) for purchase or viewing.

You must not access the internet or possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, cellular telephones, and other electronic communications or data storage devices or media without the prior approval of the U.S. Probation Officer. If computer or internet use for employment is approved by the U.S. Probation Officer, you must permit third party disclosure to any employer or potential employer concerning any computer/internet related restrictions that are imposed upon you.

DEFENDANT: Justin Treanton                                    Judgment Page: 6 of 8
CASE NUMBER: 3:20-CR-00093-001

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

If approved by the U.S. Probation Officer to use or possess computers (as defined in 18 U.S.C. § 1030(e)(1)), internet capable devices, cellular telephones, and other electronic communications or data storage devices or media, you must submit your devices to unannounced examinations/searches, and possible removal for a more thorough inspection. You must allow the installation of monitoring hardware and software on such equipment, abide by and cooperate in supplemental conditions of monitoring, and pay the costs associated with this service, as directed by the U.S. Probation Officer. You must notify third parties who use these devices that the devices are subject to monitoring and/or unannounced examinations.

You may not possess any type of camera (to include cameras within cellular telephones) or video recording device without the prior approval of the U.S. Probation Officer.

You must pay restitution in the amount of $6,000. You will cooperate with the U.S. Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the U.S. Probation Office. You may be required to participate in an IRS Offset Program and/or Treasury Offset Program which may include the garnishment of wages or seizure of all or part of any income tax refund and/or any government payment to be applied toward the restitution balance.

Until restitution is paid, you must provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

Until restitution is paid, you must not apply for, solicit, or incur any further debt, included but not limited to loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual, or through any corporate entity, without first obtaining written permission from the U.S. Probation Officer.

You must participate in a program of testing and/or treatment for substance abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Office. At the direction of the probation office, you must receive a substance abuse evaluation and participate in inpatient and/or outpatient treatment, as recommended. Participation may also include compliance with a medication regimen. You will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. You must not use alcohol and/or other intoxicants during the course of supervision.

You must not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages.

You will submit to a search of your person, property, residence, adjacent structures, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media, conducted by a U.S. Probation Officer. Failure to submit to a search may be grounds for revocation. You must warn any other residents or occupants that the premises and/or vehicle may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your release and/or that the area(s) or item(s) to be searched contain evidence of this violation or contain contraband. Any search must be conducted at a reasonable time and in a reasonable manner. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.

You must comply with all sex offender laws for the state in which you reside and must register with the local sheriff's office within the applicable time frame.

Add. 6

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
v1  Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Justin Treanton                                    Judgment Page: 7 of 8
CASE NUMBER: 3:20-CR-00093-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

☐ Pursuant to 18 U.S.C. § 3573, upon the motion of the government, the Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $6,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Sealed Victim List | | $6,000.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $0.00 | $6,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
v1   Sheet 6 — Schedule of Payments

Judgment Page: 8 of 8

DEFENDANT: Justin Treanton
CASE NUMBER: 3:20-CR-00093-001

# SCHEDULE OF PAYMENTS .

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $  6,200.00  due immediately, balance due

☐  not later than _____ , or
☑  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C.   ☐ D. or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary payments are to be made to the Clerk's Office, U.S. District Court, P.O. Box 9344,
Des Moines, IA. 50306-9344.
While on supervised release, you shall cooperate with the Probation Officer in developing a monthly payment plan
consistent with a schedule of allowable expenses provided by the Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

a red iPhone and black ZTE cell phone as ordered in the Preliminary Order of Forfeiture filed on December 29, 2021.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:20-cr-00093-SMR-SBJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON DEFENDANT'S MOTION |
| | ) | TO SUPPRESS |
| JUSTIN TREANTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Justin Treanton's Motion to Suppress. [ECF No. 33].

Defendant seeks exclusion of evidence obtained during a police interview. He argues that the

interview was a custodial interrogation and because he was not read his *Miranda*[1] rights, his

statements and consent to search two cellular phones were involuntary and coerced. The

Government resists the Motion, contending that Defendant was not in custody at the time and his

statements and consent were both voluntary and uncoerced. For the reasons described below,

Defendant's Motion to Suppress is DENIED.

## I. BACKGROUND

Agents with the United States Department of Homeland Security Investigations ("Agents")

received a tip from an undercover officer out of New Zealand regarding activity on the social

media platform "RIOT.IM." The officer reported that he observed that an individual going by the

username "underdawgy" had posted video files and a link in a public chat room. The room was

named for a category of child pornography. The link posted by underdawgy contained child

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1

Appellate Case: 22-1476     Page: 11     Date Filed: 05/16/2022 Entry ID: 5157750

pornography. One of the videos in the link contained a partial image of a male's face. The New Zealand officer then initiated contact with underdawgy, who invited the agent to a private chat room where more images and videos of child pornography were shared by the individual. Underdawgy told the officer that his four-year-old daughter was depicted in the files. When asked how long he had been "playing" with his daughter, underdawgy responded "[a]ltogether about a year." Underdawgy told the officer he was a 35-year-old male from the United States. The location of underdawgy was soon traced to a home in Bettendorf, Iowa. Agents then requested driver's license and vehicle registration information for the Bettendorf address and Defendant was among those identified with the address. The photograph on Defendant's driver's license, along with a previous arrest photograph reviewed by the Agents, bore similarities to the partial face seen in the video sent by New Zealand authorities.

The Agents executed a search warrant at the Bettendorf address on January 30, 2020. There, the Agents encountered members of Defendant's family including his mother, step-father, and half-brother. Also present was a four-year-old girl identified as Defendant's daughter. The Agents learned that Defendant had a bed in the garage but did not regularly stay at the home and he was not present at the time. Defendant's step-father was shown an image of the face appearing in the video and said he believed it was Defendant.

After further investigation, the Agents determined that Defendant may be staying at a home elsewhere in Bettendorf. When contacted, the homeowner denied that Defendant was at the home but told the Agents they could search the garage for him. Upon arrival, they entered the garage through the home, encountering garbage and boxes, stacked nearly to the ceiling. Agents saw Defendant in the middle of the debris and instructed him to come toward them. As Defendant was climbing over the boxes, a different group of Agents opened the bay door and observed him

-2-

Appellate Case: 22-1476    Page: 12    Date Filed: 05/16/2022   Entry ID: 5157750

climbing in the opposite direction. After inadvertently providing Defendant with conflicting instructions about whether to crawl forward over the debris, or backward over the debris, causing Defendant to stall on top of a five-feet tall pile of debris, one of the bay door agents grabbed Defendant, pulling him off the boxes and he landed hard on the ice outside the garage. As he lay on the ground, Defendant held his hands underneath his body and refused to release his hands so he could be handcuffed. After Agents said they saw an object in Defendant's hand, one of them struck him in the face with a closed fist in an attempt to get Defendant to release his hands. Agents searched Defendant's pockets and discovered two pairs of underwear, one in each pocket. Defendant told them one pair belonged to his aunt and the other to his daughter. He was then stood up, his handcuffs were removed, and he was told he was not under arrest. Two agents with the Iowa Division of Criminal Investigation ("DCI") then immediately walked Defendant to a vehicle located a short distance from the garage where he was interviewed.

Once in the vehicle, the DCI agents informed Defendant he was not under arrest multiple times. [ECF No. 41-1 at 0:35; 3:56] (sealed) (Gov't Exhibit 1). He was also told that he was free to go whenever he wished, *id.* at 4:02, and told he could choose to answer, or not answer, any questions he was asked, *id.* at 2:14; 4:01. Defendant proceeded to speak with the DCI agents for over 90 minutes, answering their questions about the photographs and videos under investigation. Defendant signed a written consent form to allow law enforcement to search two cellular phones in his possession. Near the end of the interview, law enforcement was notified that the county attorney had decided to arrest Defendant on state criminal charges. Defendant was then read his *Miranda* rights before being transported to jail.

Defendant was indicted by a grand jury on September 9, 2020, charging him with violations of 18 U.S.C. § § 2251 and 2252, for production, distribution, and possession of child pornography.

Appellate Case: 22-1476    Page: 13    Date Filed: 05/16/2022 Entry ID: 5157750

[ECF No. 2]. He moves to suppress the statements he made to the DCI agents during his interview and the evidence obtained from the search of the phones. Defendant asserts he was in custody at the time of the interview and his statements and consent to search were involuntary and coerced.

## II. ANALYSIS

Defendant claims that his interview with DCI agents in the vehicle was a custodial interrogation. It is undisputed that Defendant was not read his *Miranda* rights until long after the interview had commenced, and he seeks to exclude all statements and his consent to search as a result.

Prior to a custodial interrogation a suspect must be advised: (1) that he has a right to remain silent, (2) that anything he might say may be used in evidence against him, (3) that he has a right to the presence of an attorney, and (4) that if he cannot afford counsel he may have counsel appointed. *Miranda*, 384 U.S. at 444, 471. Importantly, "[s]eizure is a necessary prerequisite to *Miranda*." *United States v. Parker*, 993 F.3d 595, 601 (8th Cir. 2021) (citation omitted). To that point, "[n]ot all interactions between law enforcement officers and citizens amount to seizures." *United States v. Cook*, 842 F.3d 597, 600 (8th Cir. 2016). The inquiry into whether an interaction between law enforcement and a citizen is a custodial interrogation is an objective one. *See Stansbury v. California*, 511 U.S. 318, 323 (1994) (determining if a suspect is in custody is based on the objective circumstances of the interrogation, not on subjective views by either law enforcement or the suspect).

"The 'ultimate question in determining whether a person is in "custody" for purposes of *Miranda* is whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest.'" *United States v. Williams*, 760 F.3d 811, 814 (8th Cir. 2014) (citation omitted). The core of the inquiry into whether a suspect is in custody is "whether, given

-4-

Add. 12

the totality of the circumstances, a reasonable person would have felt at liberty to terminate the interrogation and leave or cause the agents to leave." *United States v. Laurita*, 821 F.3d 1020, 1024 (8th Cir. 2016) (citation omitted); *United States v. Perez-Sosa*, 164 F.3d 1082, 1084 (8th Cir. 1998) ("A consensual encounter becomes a seizure when a reasonable person in the same circumstances would not feel free to leave."). An interaction between law enforcement and a suspect can also begin as a consensual encounter but be rendered unlawful by the length and manner of the continued detention. *See United States v. Maltais*, 403 F.3d 550, 557 n.5 (8th Cir. 2005) (collecting cases finding detentions unlawful based on their circumstances and length).

Evidence obtained in violation of the United States Constitution is subject to the exclusionary rule, in both state and federal court. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *Weeks v. United States*, 232 U.S. 383, 398 (1914). Failure to provide *Miranda* warnings during a custodial interrogation violates a criminal defendant's Fifth Amendment privilege against self-incrimination and statements given during the interrogation are inadmissible against the defendant. *Miranda*, 384 U.S. at 492. The same goes for a warrantless search without a judicially recognized exception—such as voluntary consent—which violates a criminal defendant's Fourth Amendment right to be free from unreasonable searches and seizures. *See United States v. Riesselman*, 646 F.3d 1072, 1078 (8th Cir. 2011) ("Evidence obtained in violation of the Fourth Amendment . . . 'cannot be used in a criminal proceeding against the victim of the illegal search and seizure.'" (citation omitted)). The Fourth Amendment's warrant requirement extends to cellular phones. *Riley v. California*, 573 U.S. 373, 386 (2014).

In his Motion, Defendant argues that his statements and consent were involuntary and coerced. He supports his contention by pointing to the punch he received from an agent during the struggle outside of the garage, that he was initially handcuffed prior to being led to the vehicle

-5-

Add. 13

for the interview, and the officers involved in the use of force on him were present outside the vehicle during the interview.[2] Defendant also relies on the fact that one officer initially told him that he was under arrest.

Defendant spoke with the DCI agents in the vehicle for approximately 90 minutes prior to being told he was under arrest and read his *Miranda* rights. During the course of the interview, Defendant signed a written consent to search both of his phones. [ECF Nos. 40-3; 41-1 at 49:25; 59:25]. He was told by the DCI agents he did not have to answer questions multiple times, that he was free to go, and that he was not under arrest. [ECF No. 41-1 at 0:35; 2:14; 3:56; 4:01; 4:02]. The tone of the interview was cordial and friendly. Defendant spoke with the DCI agents for well over an hour, answering their questions, and offering no outward indication of an unwillingness to continue the interview. No threats were issued. No harsh language was used by the DCI agents. Voices were never raised by the DCI agents or Defendant. Defendant even complimented the DCI agents telling them they were "honest." *Id.* at 1:01:42; 1:15:45. After being told he was formally under arrest, Defendant was allowed to smoke a cigarette prior to being transported to jail, to which he told the DCI agents they were "nice." *Id.* at 1:19:40.

There is nothing to indicate that Defendant's "'will was overborne' by the circumstances surrounding" his interview. *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). The "totality of all the surrounding circumstances," including the environment of the interview and the characteristics of Defendant, are insufficient to indicate that the statements given to the DCI agents were coerced or compelled. *Id.*

---

[2] The agent who punched Defendant while he was on the ground immediately left the scene after Defendant was placed in the vehicle with the DCI agents.

Appellate Case: 22-1476   Page: 16   Date Filed: 05/16/2022 Entry ID: 5157750

Likewise, as it pertains to Defendant's consent to search both of the cellular phones. Defendant signed a written consent to search the phones. In fact, one of the phones, a red iPhone, was dropped by Defendant during the initial contact in the garage and he told his interviewers where they could find it prior to signing the consent form. He also provided his passcode to allow access to the phone.

In total, Defendant's will was not overborne during his interview with the DCI agents in the vehicle. He was told on multiple occasions he did not need to answer questions, could leave if he so desired, and was not under arrest. Defendant interacted with the agents in a friendly manner, engaging in small talk and volunteering information even when not asked. There was no violation of either his Fourth or Fifth Amendment rights during the interview.

## III. CONCLUSION

For the reasons described above, Defendant's Motion to Suppress, [ECF No. 33], is DENIED.

IT IS SO ORDERED.

Dated this 28th day of June, 2021.

STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT

-7-

Appellate Case: 22-1476     Page: 17     Date Filed: 05/16/2022 Entry ID: 5157750

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:20-cr-00093 |
| | ) | |
| JUSTIN TREANTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY

The United States of America and the Defendant, having both filed a written consent,

appeared before me pursuant to Rule 11, Fed. R. Crim. P. and L. Cr. R. 11. The Defendant entered a

plea of guilty to Count 1 and Count 4 of the Indictment pursuant to Federal Rule of Criminal

Procedure 11(a)(2). After cautioning and examining the Defendant under oath concerning each of

the subjects mentioned in Rule 11, I determined that the guilty plea was knowing and voluntary as to

the counts, and that the offenses charged are supported by an independent factual basis concerning

each of the essential elements of such offenses. Defendant understands and agrees to be bound by the

terms of the Plea Agreement. I further determine the United States of America has established the

requisite nexus between the offenses and the Red iPhone it seeks in forfeiture. I, therefore,

recommend that the plea of guilty be accepted, that a pre-sentence investigation and report be

prepared, and that the Defendant be adjudged guilty and have sentence imposed accordingly.

_____November 5, 2021_____                     _____

Date                                                                     STEPHEN B. JACKSON, JR.
                                                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE

Failure to file written objections to this Report and Recommendation within fourteen (14) days from
the date of its service shall bar an aggrieved party from attacking such Report and Recommendation
before the assigned United States District Judge.  28 U.S.C. 636(b)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NO. 3:20-cr-00093-SMR-SBJ |
| Plaintiff, | ) | |
| | ) | ORDER ACCEPTING |
| vs. | ) | MAGISTRATE JUDGE'S REPORT |
| | ) | AND RECOMMENDATION |
| | ) | REGARDING DEFENDANT'S |
| JUSTIN TREANTON, | ) | GUILTY PLEA |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION AND BACKGROUND

On September 9, 2020, an Indictment was returned against Defendant Justin Treanton, charging him in Counts 1 and 2 with production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). Count 3 charged receiving and distributing child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1), and 2256. Count 4 charged possession of child pornography, including minors who had not attained 12 years of age, in violation of Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2), and 2256(2).

On November 5, 2021, Defendant appeared before United States Magistrate Judge Stephen B. Jackson, Jr. and entered a plea of guilty to Counts 1 and 4 of the Indictment. On this same date, Judge Jackson filed a Report and Recommendation in which he recommends that Defendant's guilty plea be accepted; and he further determines the United States of America had established the requisite nexus between the offense and the property it seeks in forfeiture. No objections to Judge Jackson's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review of Judge Jackson's recommendation to accept Defendant's plea in this case.

Add. 17

## II. ANALYSIS

Pursuant to statute, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). In this case, no objections have been filed, and it appears to the Court upon review of Judge Jackson's findings and conclusions, that there is no ground to reject or modify them. Therefore, the Court **accepts** Judge Jackson's Report and Recommendation of November 5, 2021 [ECF No. 55], and accepts Defendant's plea of guilty in this case to Counts 1 and 4 of the Indictment.

IT IS SO ORDERED.

Dated this 29ᵗʰ day of November, 2021.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE

2

Add. 18

## CERTIFICATE OF FILING AND SERVICE

I, hereby certify that I will file the above Appellant's Addendum, by depositing ten copies thereof in the United States mail, first class, upon approval by the Clerk of Appellate Court addressed to:

UNITED STATES COURT OF APPEALS
EIGHTH CIRCUIT, ATTN CLERK
THOMAS F. EAGLETON COURTHOUSE
111 S 10TH STREET
ROOM 24.329
ST. LOUIS, MO, 63102

all as pursuant to FRAP 25(a)(2)(b), and 8th Cir.R. 28A.

**/s/ Jack E. Dusthimer**
JACK E. DUSTHIMER

UNITED STATES ATTORNEY - IOWA
FEDERAL COURT
131 E. 4TH STREET
DAVENPORT, IOWA 52801

either first class mail or hand delivered and a copy to my client at his last known address:

JUSTIN TREANTON #19469-030
HAZELTON USP
U.S. PENITENTIARY
P O BOX 2000
BRUCETON MILLS WV 26425
ATTY CLIENT PRIVILEGED MAIL

**/s/ Jack E. Dusthimer**
JACK E. DUSTHIMER

Add. 19